**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** *ex rel*. **RIGSBY** | ) | |
| | ) | |
| **Relators and** | ) | |
| **Counterclaim Defendants** | ) | |
| | ) | |
| **v.** | ) | **No. 1:10-mc-00164(HHK/JMF)** |
| | ) | |
| **STATE FARM MUTUAL** | ) | **Underlying Litigation:** |
| **INSURANCE COMPANY,** *et al*. | ) | |
| | ) | **Case No. 1:06cv0433 LTS-RHW** |
| **Defendant and** | ) | **United States District Court** |
| **Counterclaim Plaintiff** | ) | **Southern District of Mississippi** |

## RESPONSE TO STATE FARM'S NOTICE OF INTERVENING AUTHORITY

Non-party The Rendon Group, Inc. ("TRG"), by counsel, hereby responds to the notice of intervening authority submitted by defendant/counter-plaintiff State Farm Fire and Casualty Company ("State Farm").

As an initial matter, Magistrate Judge Walker's Order of May 5, 2010 (the "Order"), granting in part State Farm's motion to compel discovery from the Relators, is not properly characterized as intervening authority, because it does not alter or clarify the governing decisional law previously cited to the Court on TRG's Motion to Quash.  Furthermore, contrary to State Farm's conclusory assertion, the Order does not adjudicate *any* issues currently pending before this Court.  To the extent that the Order has a bearing on those issues, it affirms the narrow scope of relevant discovery, and it further tips the balance between State Farm's need for information and the burden on TRG in TRG's favor.

The Order pertains to one central issue:  whether State Farm is entitled to "discovery regarding compensation that Relators Cori and Kerri Rigsby may have received from the

Scruggs attorney group."  Order at 1.  To the extent that the Order addresses other matters, it makes equally clear that the permissible scope of discovery is limited to the Relators' involvement in developing the underlying *McIntosh* action, which is the basis of the *qui tam* claim.  Judge Walker acknowledged that the Court had already issued rulings granting discovery with respect to those issues.  *Id*. at 1-2.

State Farm has argued before this Court that the subpoena duces tecum issued to TRG is relevant to the Underlying Litigation for two reasons:  (1) to develop further evidence that Relators violated the terms of the seal in the qui tam case prior August 1, 2007; and (2) to develop evidence with respect to the Relators' bias, credibility and motive in bringing the claim.  Judge Walker's Order does not advance either point for State Farm.[1]

First, as TRG argued in its motion to quash, the Mississippi District Court denied State Farm's claims with regard to the seal violation in its August 10, 2009, order denying State Farm's motion for summary judgment.  Notably absent from Judge Walker's current decision is any reference to the alleged seal violations. Although Judge Walker granted discovery with regard to the Relators' communications with Congressman Gene Taylor, one of the persons to whom am improper disclosure is alleged to have been made, his ruling limits the scope to "communications that bear on the development of the underlying McIntosh claim," not seal violations.  Order at 5.

Second, Judge Walker granted discovery as to the Relators' bias, credibility and motivation relating primarily to their receipt of payments from the Scruggs attorney group.  *Id*. at 2-3.  To the extent that Judge Walker allowed discovery into the Relators' contacts with the media, he limited such discovery to issues of bias, credibility, and motive with respect to the

---

[1]    Furthermore, Judge Walker noted (at 2) the *qui tam* action should be resolved on the merits "free of the controversy surrounding the Relators' financial arrangement with Scruggs and his associated counsel" and apart from the "enormous sideshow that has developed around the identity of Relators' counsel."  That sideshow is clearly a material element in the State Farm subpoena to TRG.

Relators' involvement in developing the underlying *McIntosh* claim, not matters relating to State Farm generally. *Id*. at 4.

Last, Judge Walker ruled that information concerning the identity of law firms and attorneys that represented the Relators in connection with matters relating to State Farm, communications with those attorneys, as well as general communications the Relators had with other persons regarding the *qui tam* case, were overbroad and not reasonably calculated to lead to discovery of admissible evidence. *Id*. at 5-6.

Judge Walker's opinion therefore is entirely consistent with the limited scope of discovery in the Underlying Litigation advocated by TRG in its Motion to Quash, and reinforces the irrelevance and gross overbreadth of the requests in State Farm's subpoena to TRG. Furthermore, by confirming that nearly all of the relevant discovery was "to a large degree, identical to" and had previously been ordered in the *McIntosh* litigation (and therefore would also be ordered in the Underlying Litigation), Judge Walker has confirmed that the limited amount of truly relevant information sought by State Farm is already in its hands, or is available from a more convenient source, namely the Relators themselves.  Therefore, further discovery on this issue unnecessarily burdens TRG.

Accordingly, to the extent the Order has a bearing on the issues raised in TRG's motion to quash the subpoena, it supports TRG's positions.  For these additional reasons, TRG's motion to quash should be granted.

Respectfully submitted,


_____/s/_____
Russell J. Gaspar, D.C. Bar No. 229781
Andrew Wible, D.C. Bar. No. 988391

COHEN MOHR, LLP
Suite 504, 1055 Thomas Jefferson St., N.W.
Washington, D.C.  20007
(202) 342-2550 (Telephone)
(202) 342-6147 (Facsimile)
rgaspar@cohenmohr.com

Attorneys for The Rendon Group, Inc.


**Certificate of Service**

I hereby certify that on this 10th day of May, 2010, I served true copies of the foregoing Response via the Court's ECF system, by electronic mail and first-class postage prepaid mail on the following:

Daniel E. Loeb
Daniel.Loeb@friedfrank.com
Aaron T. Tucker
Aaron.Tucker@friedfrank.com
Fried Frank
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2505


Robert C. Galloway
Bob.galloway@butlersnow.com
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
P.O. Box 6010
1020 Highland Colony Parkway
Ridgeland, Mississippi  93158

Michael B. Beers
mbeers@beersanderson.com
Beers, Anderson, Jackson, Patty & Fawal, P.C.
P.O. Box 1988
Suite 100, 250 Commerce Street
Montgomery, Alabama  36102

Attorneys for State Farm Fire and Casualty Company

James P. Wehner
JPW@capdale.com
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, D.C.  20005

J. Cal Mayo, Jr.
cmayo@mayomallette.com
Mayo Mallette PLLC
P.O. Box 1456
5 University Office Park, 2094 Old Taylor Road
Oxford, Mississippi  38655

     Attorneys for SLF, Inc.


C. Maison Heidelberg
maison@heidelbergpa.com
Maison Heidelberg P.A.
Suite 220, 795 Woodlands Parkway
Ridgeland, Mississippi  39157

August J. Matteis, Jr.
matteisa@gotofirm.com
Benjamin R. Davidson
davidsonb@gotofirm.com
Suite 700
11 New York Avenue, N.W.
Washington, D.C.  20005

     Attorneys for Relators


Stan Harris
Felicia.adams@usdoj.gov
Office of the United States Attorney
Suite 500, 188 East Capitol Street
Jackson, Mississippi  39201

Jay D. Majors
Jay.majors@usdoj.com
U.S. Dep't of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C.  20044

     Attorneys for the United States

Larry G. Canada
lcanada@gtbs.com
Galloway, Johnson, Tompkins, Burr & Smith
Suite 4040. 701 Poydras Street
New Orleans, Louisiana  70139

      Attorneys for Haag Engineering Co.


Robert D. Gholson
Gholson@gbeolaw.com
Gholson, Burson, Entrekin & Orr, P.A.
P.O. Box 1289
535 North 5th Avenue
Laurel, Mississippi  39441-1289

      Attorneys for Forensic Analysis Engineering Corporation


         /s/
        Russell J. Gaspar