UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES *ex rel.* RIGSBY ) | |
| ) | |
| Relators and ) | |
| Counterclaim Defendants ) | |
| ) | |
| v.  ) | No. 1:10-mc-00164(HHK/JMF) |
| ) | |
| STATE FARM MUTUAL ) | Underlying Litigation: |
| INSURANCE COMPANY, *et al.* ) | |
| ) | Case No. 1:06cv0433 LTS-RHW |
| Defendant and ) | United States District Court |
| Counterclaim Plaintiff ) | Southern District of Mississippi |

## MOTION FOR AWARD OF ATTORNEYS' FEES

The Rendon Group, Inc. ("TRG"), by counsel,, hereby moves pursuant to Fed. R. Civ. Proc. 45(c)(1) for an award of attorneys' fees and expenses arising from State Farm's failure to comply with its obligation to use reasonable steps to avoid imposing undue burden or expense on TRG in connection with the subpoena *duces tecum* issued in this matter. For the reasons set forth below, TRG requests an award of fees and expenses totaling $15,744.60.

### I. Fees and Expenses Incurred As A Result of Overbroad Subpoena

As a result of State Farm's failure to comply with Rule 45(c), TRG has incurred legal fees and expenses totaling $15,744.60, as follows:

| | | |
|---|---|---|
| (a) | Russell J. Gaspar | $ 8,892.00 |
| (b) | Andrew Wible | 6,396.00 |
| (c) | Expenses | 456.60 |

These fees and expenses were incurred for: (1) filing objections to the subpoena; (2) conducting discussions with State Farm in an unsuccessful effort to narrow the scope of the subpoena to reasonable bounds; and (3) filing and arguing a motion to quash and/or to modify the subpoena.

Time spent by Mr. Gaspar and Mr. Wible on the Objections and Motion to Quash, as well as an explanation and justification of the hourly billing rates charged to TRG, are set forth in detail in the attached Declaration of Mr. Gaspar, and the supporting billing invoices to TRG.

The fees and expenses sought in this motion are not the total fees and expenses incurred by TRG in this matter, and do not include any fees or expenses incurred in complying with the Court's Order of June 16, 2010.

An award of these fees and expenses is warranted by Rule 45(c)(1), which states that the Court "must" enforce the issuing party's duty to take reasonable steps to avoid undue burden and expense, and must "impose and appropriate sanction – which may include lost earnings and reasonable attorneys' fees" on a party that fails to comply. The record of this case demonstrates that TRG raised the overbreadth of the subpoena with State Farm early in the matter, but was unable to negotiate a resolution of the issue because State Farm insisted that TRG produce a vast quantity of documents that was clearly outside the scope of the matters being litigation in the Underlying Litigation. *See* Memorandum in Support of Motion to Quash, Docket No. 2, Mar. 9, 2010, and Exhibits thereto; Reply Memorandum of The Rendon Group and Exhibits thereto, Docket No. 9, April 6, 2010.

In particular, TRG demonstrated, and the Court agreed, that the permissible scope of discovery from TRG was limited by two Orders that had been entered in the Underlying Litigation, which State Farm clearly knew about well before it issued a subpoena to TRG. *See* Mem. Opinion, Docket No. 24, at 2-3. The Court noted that a subpoena issued to a third party required "greater sensitivity" to the burdens imposed, and concluded that the scope of State Farm's subpoena was so far beyond the litigation, as narrowed by judicial order, that neither State Farm's claimed need for the information nor its claimed relevance was sufficient to

overcome the burden imposed. *Id.* at 6-8. Therefore, the Court granted TRG's motion is substantial part, and modified the subpoena to reduce its scope to two arguably relevant categories of information: documents concerning the Relators, and documents concerning the *qui tam* case they filed. It rejected or severely limited 19 other categories of documents listed in the subpoena.

TRG therefore submits that the Court has found that State Farm failed to take reasonable steps to avoid imposing under burden on TRG through the subpoena, and that an award of attorneys' fees is therefore appropriate under Rule 45(c)(1).

TRG also submits that its request for fees is reasonable. *See Adolph Coors Co. v. Truck Ins. Exchange*, 383 F.Supp.2d 93, 95 (D.D.C. 2005), citing *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1134 (10th Cir. 2001). The District of Columbia Circuit generally employs the following three-part framework to evaluate the reasonableness of fee awards: (1) determination of the number of hours reasonably expended in litigation; (2) determination of a reasonable hourly rate; and (3) the use of multipliers as merited. *Covington v. District of Columbia,* 57 F.3d 1101, 1107 (D.C.Cir. 1995). The burden of establishing the elements of the fee award, including "entitlement to an award, documentation of appropriate hours, and justifications of the reasonableness of the billing," rests with the moving party. *Smith v. District of Columbia,* No. Civ. A.02-373, 2005 WL 914773, at *2 (D.D.C. Apr.18, 2005).

To satisfy the first element, a plaintiff must submit invoices that are sufficiently detailed to "permit the District Court to make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.,* 675 F.2d 1319, 1327 (D.C.Cir. 1982).

With regard to the reasonableness of the attorney's hourly rate, the rate billed is presumptively reasonable when "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Martini v. Fed. Nat'l Mortgage Ass'n,* 977 F.Supp. 482, 485 (D.D.C. 1997). Moreover, the actual rate billed to a private litigant in the market is highly relevant proof of the prevailing community rate. *See Nat'l Assoc. of Concerned Veterans, supra,* at 1324. TRG does not request any multipliers.

The attached affidavit of counsel and supporting documents establish the required elements of the fee award and prove that TRG actually and reasonably incurred legal fees and expenses totaling $15,744.60 in connection with the litigation over the scope of the subpoena. In this regard, the Court should consider in particular that: (1) State Farm's failure to recognize the limitations on discovery established by Orders previously entered in the Underlying litigation; (2) its failure to tailor the subpoena issued to TRG in light of those limitations, in order to avoid subjecting TRG to undue burden and expense; and (3) its persistence, in its very lengthy Opposition to the Motion to Quash, in claiming that it was entitled to all of the requested documents despite the clear meaning of those orders; caused TRG to have to litigate at considerable expense a dispute that could have and should have been avoided or resolved.

### III.   Conclusion

For these reasons, TRG should be awarded attorneys' fees and expenses totaling $15,744.60.

Respectfully Submitted,

/s/ Russell J. Gaspar
Russell J. Gaspar, D.C. Bar No. 229781
COHEN MOHR, LLP

- 5 -

Suite 504
1055 Thomas Jefferson St., N.W.
Washington, D.C. 20007
(202) 342-2550
rgaspar@cohenmohr.com

Certificate of Service

I hereby certify that a true copy of the foregoing Motion along with the supporting Declaration and exhibits and a proposed Order, were served via the Court's ECF system on counsel of record this 1st day of July, 2010.

/s/ Russell J. Gaspar
Russell J. Gaspar