UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES *ex rel.* RIGSBY | ) | |
| | ) | |
| **Relators and** | ) | |
| **Counterclaim Defendants** | ) | MISC NO. 1:10-mc-00164 |
| | ) | |
| v. | ) | Judge Henry H. Kennedy, Jr. |
| | ) | |
| STATE FARM MUTUAL | ) | Underlying Litigation: |
| INSURANCE COMPANY, *et al.* | ) | |
| | ) | Case No. 1:06cv4333 LTS-RHW |
| | ) | |
| **Defendant and** | ) | United States District Court |
| **Counterclaim Plaintiff** | ) | Southern District of Mississippi |

**DEFENDANT/COUNTER-PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEES**

Defendant/Counter-plaintiff State Farm Fire and Casualty Company[1] ("State Farm") submits this memorandum in opposition to The Rendon Group, Inc.'s ("Rendon") Motion for Award of Attorneys' Fees (the "Motion"). Rendon's request for attorneys' fees in connection with its unsuccessful effort to quash State Farm's December 30, 2009 subpoena *duces tecum* is without any arguable basis in law or fact and, as demonstrated below, should be denied.

**ARGUMENT**

   **I.   Rendon Failed To Comply With Local Civil Rule 7(m)**

As an initial matter, Rendon's Motion should be denied based on Rendon's complete disregard for the Local Civil Rules for the District Court for the District of Columbia. Local Civil Rule 7(m) provides that "[b]efore filing any nondispositive motion in a civil action, counsel

---

[1] Improperly denominated in the First Amended Complaint as "State Farm Mutual Insurance Company."

1

shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought . . . to narrow the areas of disagreement." LCvR 7(m). "Failure to comply with the rule will result in denial of the motion." *Alberts v. HCA, Inc.*, 405 B.R. 498, 501 (D.D.C. 2009); *see also In re Verizon Internet Servs., Inc.*, 217 F.R.D. 239, 240 (D.D.C. 2003) (striking motion to expedite based on failure to comply with Local Civil Rules 7.1(c) and 7.1(m)). Local Civil Rule 7(m) applies to a motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 45(c)(1). *Alberts*, 405 B.R. at 502.

Rendon made no effort to comply with Local Civil Rule 7(m). Conspicuously missing from Rendon's Motion is a statement -- as required by Local Civil Rule 7(m) -- indicating that Rendon's counsel made any effort to discuss attorneys' fees with State Farm's counsel prior to filing the instant Motion. Rendon's counsel made no such effort. Rendon's Motion should be stricken or denied on this basis alone.

## II. The Factual Record Does Not Support Sanctions

Even if the Court considers Rendon's Motion on the merits, the relevant history of this dispute and these proceedings cannot possibly support sanctions against State Farm.

On December 30, 2009, State Farm issued a subpoena *duces tecum* to Rendon. On January 19, 2010, Rendon served its Objections to Subpoena for Documents, and refused to produce any documents in response to the subpoena. Nevertheless, relying on Rendon's assurances that the parties were working toward a compromise, State Farm negotiated with Rendon for nearly seven weeks. *See* State Farm's March 25, 2010 Memorandum in Opposition to Rendon's Motion to Quash at 6-8. During these negotiations, State Farm offered to significantly narrow the scope of the subpoena, but Rendon rejected all of State Farm's offers

and continued insisting that it would not produce *any* documents.  Then, revealing its true intention to stonewall against any production whatsoever, Rendon unilaterally broke off all negotiations and filed a motion to quash State Farm's subpoena in its entirety.

After the parties briefed Rendon's motion to quash and presented their oral arguments to the Court, the Court refused to quash State Farm's subpoena, but instead narrowed its scope.  In its June 17, 2010 Order (the "Order"), the Court rejected Rendon's extreme position that it was not required to produce a single document, and ordered Rendon to produce two categories of documents.  The Order further provided that "[o]nce that production has taken place, and State Farm has had sufficient opportunity to analyze what it has received, it may appeal to [the Court] to enforce more of the terms of the subpoena as originally issued." Order at 9.  Thus, not only did the Court order Rendon to produce documents it had steadfastly refused to produce, but the Court left open the possibility of more broadly enforcing State Farm's subpoena.

Completely ignoring this history, and even though it has yet to produce a single document in accordance with the Court's Order,[2] Rendon filed this Motion seeking attorneys' fees that it claims were "incurred for:  (1) filing objections to [State Farm's] subpoena; (2) conducting discussions with State Farm in an unsuccessful effort to narrow the scope of the subpoena to reasonable bounds; and (3) filing and arguing a motion to quash and/or to modify the subpoena." Motion at 1.  However, it was *Rendon* that took the extreme position that it was not required to produce a single piece of paper based on a frivolous attorney-client privilege claim that the Court wholly rejected. Order at 4-5.  Moreover, it was *Rendon* that unilaterally

---

[2]    It is now nearly three weeks since Rendon was ordered to produce documents in response to State Farm's subpoena, but Rendon has still not produced a single piece of paper. Because it has now been over six months since State Farm first served its subpoena and because of State Farm's deadlines in the underlying litigation, State Farm's counsel has informed Rendon's counsel that, if Rendon does not comply with the Court's Order by July 7, 2010, State Farm will file a motion requesting that the Court compel Rendon's compliance.

broke off the parties' efforts to narrow the scope of State Farm's subpoena, and it was *Rendon* that filed a motion to quash. Finally, although Rendon would like to rewrite history and claim that the Court agreed with its position on the scope of Rendon's production, the fact is that the Court *disagreed* with Rendon's effort to quash State Farm's subpoena in its entirety, ordered Rendon to produce two substantive categories of documents -- which Rendon has now estimated to include about 4,000 pages -- and left open the possibility of a broader production.

Given this record, there simply is no basis for sanctioning State Farm and awarding Rendon attorneys' fees for a motion on which Rendon did not prevail. Indeed, given this record, State Farm hardly needs to cite any legal authority showing that Rendon is not entitled to attorneys' fees here -- particularly given that Rendon offers no authority in support of its frivolous motion.

### III.     The Law Does Not Support Sanctions Against State Farm

Rendon's failure to cite a single case in support of its position is not surprising given that there is no case that that supports sanctioning State Farm under the circumstances of this case. It is true that Rule 45(c)(1) provides courts with the power to sanction a party that issues a subpoena -- including awarding attorneys' fees to the subpoenaed party -- if the subpoenaing party fails to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(c)(1). Rendon's Motion seems to suggest, however, that this rule provides that the prevailing party on a motion under Rule 45 automatically is entitled to attorneys' fees. *See* Motion at 2. Even this were true -- which, as described below, it is not -- Rendon cannot recover its attorneys' fees here given that Rendon refused to produce a single document until the Court ruled *against* Rendon on its motion to quash State Farm's subpoena in its entirety.

Indeed, contrary to Rendon's unsupported suggestion, it is not true that a court "must" impose sanctions in every instance where the court ultimately finds that a subpoena should not be enforced as written. When determining whether to impose sanctions pursuant to Rule 45(c)(1), "[t]he mere fact . . . that a disputed subpoena is ultimately deemed unwarranted does not, standing alone, demand the imposition of sanctions." *Alberts*, 405 B.R. at 502-03. Instead, courts focus on whether the subpoena was brought in bad faith. *See Alexander v. F.B.I.*, 186 F.R.D. 188, 197 (D.D.C. 1999). As the *Alberts* Court recently observed, "blatant abuse of the subpoena power is a common thread running through decisions in which sanctions have been awarded under Rule 45(c)(1)." *Alberts*, 405 B.R. at 503. Here, Rendon has not claimed that State Farm acted in bad faith in serving its subpoena or otherwise abused the subpoena power. Indeed, in this case, State Farm had to issue its subpoena and resist Rendon's motion to quash in order to receive any documents whatsoever.

In *Alberts*, the District Court for the District of Columbia denied a motion for sanctions pursuant to Rule 45(c)(1) when a party failed to withdraw an improperly issued subpoena until after the subpoenaed party filed a motion to quash. *Id.* at 504. Although both parties in *Alberts* agreed that the subpoena was wholly without merit, the court refused to sanction the party that issued the subpoena without a showing of bad faith.

A brief review of cases where courts have imposed sanctions under Rule 45(c)(1) confirms that the factual record must show far more than a narrowing of the original subpoena before courts will even consider imposing sanctions. *See, e.g.*, *Kenney, Becker LLP v. Kenney*, No. 06 Civ. 2975(JSR), 2008 WL 681452, at *2 (S.D.N.Y. Mar. 10, 2008) (imposing sanctions because "the subpoena issued by plaintiff's (sic) counsel was blatantly improper for numerous reasons, all of which suggest that plaintiffs had no proper basis for the subpoena and were acting

in bad faith"); *Am. Int'l Life Assurance Co. of New York v. Vazquez*, No. 02 Civ. 141(HB), 2003 WL 548736, at *3 (S.D.N.Y. Feb. 25, 2003) (imposing sanctions when the party issued a subpoena the day before trial and with the knowledge that the subpoenaed party, who was an attorney, was prohibited from producing responsive documents because his client refused to waive the attorney-client privilege); *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814-15 (9th Cir. 2003) (affirming sanctions where "subpoenas were served for the purpose of getting [the recipients] to exert pressure on the witnesses not to testify").

Here, there is absolutely no evidence that State Farm acted in bad faith. To the contrary, State Farm's subpoena was necessary to obtain clearly relevant documents, and Rendon refused to produce a single document before putting State Farm through the expense and trouble of opposing Rendon's motion to quash. Moreover, while the Court initially narrowed the scope of State Farm's subpoena, it left open the possibility that it may enforce additional requests contained in the subpoena. Finally, given that Rendon has not appealed the Court's Order and the time to do so has expired, Rendon appears to have conceded that the subpoena was not issued in bad faith as to the topics for which production has been ordered so far. Under these circumstances, there is no legal support for imposing sanctions on State Farm.

## **CONCLUSION**

Given Rendon's total disregard for Local Civil Rule 7(m), the undisputed factual record, and the fact that, given this record, there is no legal authority supporting sanctions, Rendon's Motion should be denied.

Respectfully submitted,

**Fried, Frank, Harris, Shriver & Jacobson LLP**

BY:  /s/*Daniel E. Loeb*
Daniel E. Loeb, D.C. Bar No. 386098
1001 Pennsylvania Avenue NW
Washington, DC 20004-2505
Phone: 202.639.7328
Fax: 202.639.7003
Daniel.Loeb@friedfrank.com

Attorney for State Farm Fire and Casualty Company

Dated July 6, 2010

OF COUNSEL:

| | |
|---|---|
| Robert C. Galloway (MB # 4388) | Michael B. Beers (ASB-4992-S80M) |
| BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC | BEERS, ANDERSON, JACKSON, PATTY & FAWAL, P.C. |
| Suite 1400 | Post Office Box 1988 |
| 1020 Highland Colony Parkway | Suite 100 |
| P.O. Box 6010 | 250 Commerce Street (36104) |
| Ridgeland, MS 39158-6010 | Montgomery, Alabama 36102 |
| (P) (601) 948-5711 | (P) (334) 834-5311 |
| (F) (601) 985-4500 | (F) (334) 834-5362 |
| (E) bob.galloway@butlersnow.com | (E) mbeers@beersanderson.com |