# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE RENDON GROUP, INC.,<br><br>    Petitioner,<br><br>v.<br><br>CORI RIGSBY, *et al.*,<br><br>    Interested Party,<br><br>v.<br><br>STATE FARM MUTUAL INSURANCE COMPANY,<br><br>    Respondent. | No. 1:10-mc-00164 (HHK/JMF)<br><br>Underlying Litigation:<br>Case No. 1:06cv0433 LTS/RHW<br>United States District Court<br>Southern District of Mississippi |

## MEMORANDUM OPINION

This case involves records in the possession of a public relations firm that provided services to lawyers in Mississippi. The facts of this case have been recounted at length elsewhere. See Rendon Group, Inc. v. Rigsby, 268 F.R.D. 124, 125-26 (D.D.C. 2010). The motion pending before me now is third party The Rendon Group, Inc.'s ("TRG") Motion for Award of Attorneys' Fees ("Mot. for Fees") [#25]. In light of the record before me, TRG's motion will be denied.[1]

TRG's motion stems from its earlier Motion to Quash or Modify Subpoena for Documents [#1] ("Mot. to Quash"). State Farm Fire and Casualty Company ("State

---

[1] While I am considering TRG's motion for fees on the basis of its merits, State Farm is correct in its assertion that I would be justified in denying the motion merely on the basis of TRG's failure to discuss the motion for attorneys' fees with State Farm's counsel prior to filing it. Defendant/Counter-Plaintiff State Farm Fire and Casualty Company's Memorandum of Points and Authorities in Opposition to Motion for Award of Attorneys' Fees [#26] at 1-2. See Alberts v. HCA, Inc., 405 B.R. 498, 501 (D.D.C. 2009).

Farm") served a *subpoena duces tecum* on TRG that sought records pertaining to work it did for the Mississippi law firms. Mot. to Quash at Ex. A. Efforts to narrow the scope of the subpoena through discussions failed,[2] and TRG moved to quash it. Id. at 1.

In my earlier opinion, I determined that, in light of the narrowing of the *qui tam* claims and bifurcation of the counter-claims, compliance with the subpoena as it was written would be overly burdensome for TRG at that time. Rendon Group, 268 F.R.D. at 128-29. I limited the production pursuant to the subpoena to documents concerning the Rigsby sisters and their False Claims Act action. Id. at 129. However, I left open the possibility that, following that production and depending upon the information produced, State Farm could appeal to me to enforce more of the terms of the subpoena as originally issued. Id.

TRG now demands legal fees and expenses in the amount of $15,744.60, incurred in the process of filing objections to the subpoena, conducting discussions with State Farm in an unsuccessful effort to narrow the subpoena, and filing and arguing the motion to quash and/or modify the subpoena. Mot. for Fees at 1.

Under the Federal Rules of Civil Procedure 45(c)(1), a party or attorney issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Should the issuing party or attorney fail to comply with this requirement, the issuing court "must enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees." Id. However, Rule 45(c)(1) does not explicitly require expenses to be paid if a party is not entirely successful in its subpoena. This is unlike Rule 37(a)(5)(C),

---

[2] See Reply Memorandum of The Rendon Group, Inc. [#9] at Ex. H.

wherein a portion of expenses <u>must</u> be paid to a party who defended itself against a motion to compel that was not granted in full. Fed. R. Civ. P. 37(a)(5)(C).

      As should be indicated by my granting State Farm the heart of what it demanded, my rejection of TRG's claim of privilege, and, in particular, my leaving open the possibility that State Farm might be able to secure ultimately more than I originally permitted, I cannot find that the attorney who served that subpoena failed to take reasonable steps to avoid imposing what would have to be an *undue* burden on TRG. Instead, I found that State Farm's arguments in favor of enforcing the subpoena were for the most part reasonable and justified, even if they did not completely carry the day. I therefore decline to award the relief TRG seeks, and its <u>Motion for Award of Attorneys' Fees</u> will be denied. An Order accompanies this Memorandum Opinion.

 

                                           JOHN M. FACCIOLA
                                           UNITED STATES MAGISTRATE JUDGE